UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TYLER GUIDRY, ET AL.** | : | **CASE NO.  2:22-cv-04626** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **LIBERTY MUTUAL INSURANCE** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

This suit concerns alleged insurance coverage from damage from Hurricane Laura and Hurricane Delta. Doc. 1.  Plaintiffs Tyler Guidry and Jennifer Broussard filed suit in this court against Liberty Mutual Insurance, claiming breach of insurance contract, bad faith, and negligent infliction of emotional distress. *Id.*  Plaintiffs allege this court has diversity jurisdiction over the instant action under 28 U.S.C. §§ 1332 and 1441. *Id.* at ¶ 3.  Plaintiffs' attorney did not sign the Complaint for Damages. Doc. 1.  For the reasons discussed below, **IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE**.

Under Rule 11 of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name . . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."  If the paper stricken is the complaint, the effect of striking is "a dismissal of the action." *Sefton v. Jew*, 204 F.R.D. 104, 106 (W.D. Tex. 2000) (internal citation omitted).  In the instant matter, plaintiffs' attorney failed to sign the complaint [doc. 1]. Accordingly, we recommend that the court strike this "unsigned paper" for violation of Rule 11's mandate and dismiss the matter without prejudice.

For the foregoing reasons, it is **RECOMMENDED** that the Complaint for Damages [doc. 1] be **STRICKEN FROM THE RECORD** for violation of Rule 11 of the Federal Rules of Civil Procedure and that the matter be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 25th day of May, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE