UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TYLER GUIDRY ET AL** | **CASE NO. 2:22-CV-04626** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LIBERTY MUTUAL INSURANCE** | **MAGISTRATE JUDGE KAY** |

MEMORANDUM RULING

Before the Court is a Rule 12(b)(6) Motion (Doc. 21) filed by Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), wherein it moves to dismiss claims against it by Plaintiffs Tyler Guidry or Jennifer Broussard. Plaintiffs concur in dismissal of Plaintiff Guidry's claims but oppose the dismissal of Plaintiff Broussard's claims and move the Court to declare that Plaintiff Broussard's claims remain viable (Doc. 23). Liberty Mutual opposes Plaintiffs motion to declare her claims viable. Doc. 25.

I. BACKGROUND

This diversity action arises from an insurance policy coverage dispute for losses sustained during Hurricane Laura on August 27, 2020, to Plaintiff Tyler Guidry's property located at 137 Louie St., Lake Charles, Louisiana, and Plaintiff Jennifer Broussard's property located at 7896 Elliot Rd., Lake Charles, Louisiana. Plaintiff Guidry's property was insured under policy number H3F29835165840,[1] and Plaintiff Broussard's property was under policy number H3F29115244170 ("Policies").[2] Plaintiffs' complaint alleges that

---

[1] Doc. 21-3.
[2] Doc. 21-4.

both Policies were issued by Liberty Mutual.[3] On August 25, 2022, Plaintiffs jointly filed suit against Liberty Mutual for breach of insurance contract and bad faith claims under Louisiana Revised Statutes section 22:1892 and 22:1973.[4]

## II. LEGAL STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The Court can also consider documents attached to a motion to dismiss that are "referred to in the plaintiff's complaint and are central to the plaintiff's claim" only if "the plaintiff[] d[oes] not object to . . . consideration of those documents." *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Courts "may also consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (internal citation omitted) (quoting *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir.1996) (unpublished opinion)).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success

---

[3] Doc. 1.
[4] *Id.*

but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. LAW & ANALYSIS

Here, Liberty Mutual claims that it is not the insurer of Plaintiffs' Policies, but that Liberty Personal Insurance Company ("Liberty Personal") is. Liberty Mutual offers a March 1, 2023 release agreement signed by Plaintiff Guidry for claims against Liberty Personal in another lawsuit in this Court.[5] On March 6, 2023, this Court granted a joint voluntary motion to dismiss and issued judgment dismissing claims with prejudice by Plaintiff Guidry against Liberty Personal. In their instant motion and opposition to Liberty Mutual's Rule 12(b)(6) Motion, Plaintiffs acknowledge that Plaintiff Guidry recently settled his claims against Liberty Personal, and concur that in the instant matter, his claims should be dismissed. Accordingly, the Court will dismiss all claims by Plaintiff Guidry against Liberty Mutual.

Regarding claims by Plaintiff Broussard against Liberty Mutual, Liberty Mutual maintains that it is the wrong defendant, and Liberty Personal is the true policy holder. In response, Plaintiffs do not argue that Liberty Mutual is the correct insurer; instead, Plaintiffs move the Court to declare Plaintiff Broussard's claims viable. Plaintiffs' Complaint alleges that Plaintiff Broussard's property is insured by Liberty Mutual "under policy number H3F-291-152441-70."[6] Liberty Mutual argues otherwise and has attached Ms. Broussard's Policy bearing number H3F-29115244170 as an exhibit to its Rule

---

[5] Doc. 21-1.
[6] Doc. 1, p. 11.

12(b)(6) motion.[7] Ms. Broussard's Policy states: "the policy listed above as maintained by the Liberty Personal Insurance Company in the usual and customary course of its business."[8] Thus, Plaintiff Broussard's Policy contradicts her claims in the Complaint. Though ruling on a Rule 12(b)(6) motion focuses on the Complaint itself, the attached exhibit of Ms. Broussard's Policy may be considered with Liberty Mutual's Rule 12(b)(6) motion because of the following reasons: her Policy is referred to in the Complaint, the Policy is central to her claim, and Plaintiffs do not object to consideration of the Policy attached as an exhibit. *See Scanlan*, 343 F.3d at 536. Because Plaintiff Broussard's Policy states that Liberty Personal maintains the Policy, Plaintiffs claims against Liberty Mutual will be dismissed.

## IV. CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that Liberty Mutual's Rule 12(b)(6) Motion (Doc. 21) will be **GRANTED**, and all claims in the above captioned matter against Liberty Mutual will be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs motion that Ms. Broussard's claims remain viable (Doc. 23) will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 24th day of July 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[7] Doc. 21-4, p. 1.
[8] *Id.*